## Myrtie S. Bennett, Appellee, v. Eugene Huss, Administrator, Appellant.

## Gen. No. 17,970.

1. NEGOTIABLE INSTRUMENTS—*agreement as to payments.* Where a promissory note contains the words "Qualified by agreement of even date herewith attached hereto," and at the same time and as part of the same writing the parties agree that certain goods to be delivered by the payor shall be received in payment of the note, the original promise is not altered because of the method of making payments, and the note is still a promissory note.

2. JUSTICES OF THE PEACE—*contracts.* In an action before a justice without pleadings on a note and an agreement of even date made as part of the same writing, whereby certain goods to be delivered by the payor were to be received in payment, one who signed the note is liable for the breach of contract if the goods were not delivered as agreed, regardless of whether the instrument is a note.

3. COSTS—*supplemental abstract.* Where a judgment is affirmed on appeal the cost of appellee's supplemental abstract may be taxed against appellant where it seems that such abstract was necessary.

Appeal from the Superior Court of Cook county; the Hon. HARRY C. MORAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed March 13, 1913.

GALLAGHER & MESSNER, for appellant.

ALANSON C. NOBLE, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

This is an appeal from a judgment of $250 obtained by appellee against Matthew J. Huss, since deceased. The facts, stated very briefly, are, that appellee on November 1, 1902, sold a number of partly finished pianos and materials for pianos to the Schmidt & Schultz Company, piano manufacturers, and received in return a promissory note of that date for $600,

signed by the purchasers and Matthew J. Huss, who was their attorney. At the same time and as part of the same writing as the note, they contracted to deliver to appellee certain pianos, which she was to receive in payment of the note at specified prices. A portion only of these pianos was delivered, and the Schmidt & Schultz Company having failed to deliver the remainder provided for in the contract, Matthew J. Huss was sued for the balance due, after crediting the note with the pianos delivered. The paper was drafted by Mr. Huss in his office, with certain changes made in the handwriting of the attorney for appellee in Mr. Huss' office. Mr. Huss testified that he was asked by appellee's attorney at the time to sign as surety, and that he replied, "Yes, I will." The note contains the words, "Qualified by agreement of even date herewith attached hereto," referring to the above described contract. It is argued that because of these words the instrument is not a promissory note.

We see nothing in the contract attached to the note but an agreement and a method for paying the note. The note contains the words, "On or before December 25th, 1902, after date for value received, we promise to pay," etc. This original promise was not altered or modified because of the method agreed upon for making payments. There was no condition in the agreement which might operate to make void the obligation to pay. We cannot agree with the contention that the note was not a promissory note.

It is urged that the defendant, Huss, was released by a change of the contract, made without his consent. The argument seems to be that under the terms of the contract the note was to be paid in pianos, to be delivered by December 25, 1902, and the evidence shows that there was delay in making these deliveries, that one piano was delivered in December, one in January, and one around the first of February. We are of the opinion that the evidence amply justifies the conclusion that Mr. Huss knew of the delays and requested Mrs.

· Bennett for an extension of time, assuring her that he would pay the note in the event that the Schmidt & Schultz Company should fail to do so.

Regardless of the points suggested by the appellant, the defendant, Huss, would still be liable upon the note and contract. The suit was begun before a justice of the peace, without pleadings, and plaintiff was entitled to a judgment against the defendant for a breach of the contract whether the instrument was a promissory note or not.

Counsel for appellee asks that appellant be taxed with the costs of appellee's supplemental abstract and with the statutory penalty. We are not disposed to impose the statutory penalty, but as the supplemental abstract seems to have been necessary because of the omission of material matters from the original abstract, the costs of the supplemental abstract will be taxed against the appellant, and the judgment of the trial court will be affirmed.

*Affirmed.*